**ATLANTIC GREYHOUND CORPORATION v. CROWDER.**

No. 12790.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1949.

R. Wilson Smith, Jr., H. A. Stephens, Jr., Gainesville, Ga., for appellant.

E. D. Kenyon, Gainesville, Ga., for appellee.

Before HUTCHESON, HOLMES, and SIBLEY, Circuit Judges.

HUTCHESON, Circuit Judge.

Appealing from a judgment on a verdict for $15,000 for personal injuries negli-

gently inflicted upon appellee, plaintiff below, defendant is here insisting that the judgment must be reversed for the errors of the court in denying defendant's motions for instructed verdict and judgment non obstante. In support of its contention, defendant, with confidence and vigor insists that as a matter of law (1) the plaintiff failed to show that the bus complained of was owned and operated by defendant, and (2) if this is not so, the negligence of the driver of the automobile occupied by appellee was equal to or greater than any negligence of appellant and was the proximate cause of the injury.

Appellee, with equal confidence and vigor, urges that the verdict of the jury, holding defendant responsible for the bus involved in the accident and that the negligence of the driver was the proximate cause of her injury, finds ample support in the evidence, and the judgment must be affirmed.

We agree with appellee. It is true that no witness gave direct testimony that the Greyhound bus which caused the accident was owned or operated by defendant, Atlantic Greyhound Corporation, but in the state of the evidence direct proof of this kind was not required. For it is equally true that the offending bus was identified by direct and undisputed evidence as a Greyhound bus and that there were circumstances pointing unerringly to the fact that it was one of defendant's busses. The evidence did not show any other bus of any kind at or near the scene of the wreck anywhere near the time of the accident,[1] except appellant's bus operating on its regular Atlanta-Toccoa schedule.

■ It is true enough that there was proof that besides the Atlantic Greyhound Corporation there were Corporations known as Teche, Central, Florida, and Southern Greyhound which operated Greyhound busses on this particular highway both before and after the occurrence. It was not sufficient, therefore, for plaintiff to prove merely that a Greyhound bus caused her injury, and if the proof showed no more than this, the verdict could not stand. But, as appears above, this is by no means all that the proof showed. On the contrary, we think the circumstances which were not in dispute left little room for doubt that the bus which caused the injury was a bus of defendant driven by Fennell.

Because of our view that the circumstances actually in evidence are ample to support the verdict of the jury, we need not concern ourselves with the point appellee makes that under Georgia Code, Sec. 38-119, the failure of the appellant to produce the colored man who purportedly gave the driver the information about the wreck or any of the other passengers on the bus raised a presumption against it. It is sufficient for us to say without concerning ourselves with this presumption, that the evidence was ample to sustain the verdict.

■■ The other point made by appellant, that the evidence demanded a verdict that the proximate cause of the accident was the negligence of Purcell, the driver of the car, is no better taken. The evidence taken most favorably for plaintiff, as we must take it, makes out a case of the

1. The appellant admitted in its pleading and by interrogatories and by the testimony of its bus driver that on the date the wreck occurred it was operating one of its Greyhound busses on its regular schedule leaving Atlanta at 4 P.M., traveling northeastward along the Atlanta-Toccoa highway, running three to nine minutes late and passing along said highway about 4 miles west or southwest of Toccoa, the scene of the wreck around 7 or 7:30 P.M., the time of the wreck; that J. J. Fennell was the driver of defendant's bus at the time of the accident, and that when he reached Toccoa, Fennell, as he said, upon information furnished him "by a colored fellow", that there had been an accident back up the road, called the highway patrol station and asked them if a wreck had been reported. In addition there was testimony as to marks or scratches on the left front fender of the Chevrolet after the wreck and to marks found on the right rear portion of defendant's bus corresponding in height with the fresh marks on the Chevrolet.

negligent crowding of Purcell, the driver of the Chevrolet, off the highway, and of forcing him into a position of great danger from which he was required by the act of the defendant to extricate himself promptly and as best he could. It makes out a case, too, showing that in the situation thus forced upon him by defendant's negligence, he was free from culpable negligence. The judgment is

Affirmed.