**ATLANTIC GREYHOUND CORPORATION et al. v. CROWE et al.**

No. 12927.

United States Court of Appeals Fifth Circuit.

Nov. 10, 1949.

A. C. Wheeler, Chas. J. Thurmond, E. F. Robinson, Gainesville, Ga., for appellants.

E. D. Kenyon, Allen Richard Kenyon, Gainesville, Ga., for appellees.

Before HUTCHESON, HOLMES, and SIBLEY, Circuit Judges.

HUTCHESON, Circuit Judge.

These appeals are from judgments for damages resulting from a highway collision between an automobile and a Greyhound bus. Appellants, predicating error on and seeking reversal because of the denial of their motions for directed verdicts and for judgments notwithstanding the verdicts, are here insisting that as matter of law the evidence failed to show that the Greyhound bus involved in the collision was owned or being operated by the Atlantic Greyhound Corporation.

Appellees, resisting appellants' efforts at reversal, (1) challenge the sufficiency of the motions to direct, and (2) urge that the evidence, substantial though it is, amply supports the verdicts.

Upon the first point, we need say no more than that the record of the trial shows that the whole battleground of the case was the question of whose bus it was that struck the plaintiff. This being so, there can be no basis for the claim that the failure to state the ground of the motion to instruct a verdict misled or deceived

anybody. Within the rule of this court in Dowell, Inc. v. Jowers, et al., 5 Cir., 166 F.2d 214, 2 A.L.R.2d 442, the motion is sufficient.

■ Coming to the second point, it is at once apparent that the case on its facts [1] is in small compass.

Appellants rely on Short's positive testimony, that he did not have a collision with plaintiffs' car, on that of the four bus passengers, that they did not see a collision or wreck; on Short's testimony as to admissions claimed to have been made by Crowe that Short's bus was not the one that struck him; on the testimony of Virgil Bailey, one of plaintiffs' witnesses to the collision, that the bus which caused the accident was an old model, old school type bus; and on the

testimony of a policeman at Buford, that on order from the State Patrol to inspect the first Greyhound bus that came to Buford, he inspected Swain Short's bus and found no fresh marks or dents on it.

Appellees rely upon Crowe's denial of the remarks attributed to him by Short, and upon the general principle that the jury, which heard and saw all the witnesses and had a right to determine their credibility, was not bound by a particular theory of a particular witness but, examining all the testimony, could take that view of it as a whole which seemed to it most credible and most consistent. They rely particularly on the positive and uncontradicted testimony that two Greyhound busses belonging to defendant passed along at the scene of the wreck within a short distance of each other,

1. Taking the evidence, as we must, in the light most favorable to appellees, this is what it showed:

As appellees started around a curve about one-half mile below Chicopee on the Gainesville-Atlanta highway, a Greyhound bus, going in the same direction and traveling 50 to 60 miles an hour, started without giving any warning to pass appellees' Chevrolet. At that point the bus met face to face another car driven by one Jones, and to avoid hitting it, it cut back in on appellees' car and pushed or squeezed it off the road, part of the bus back about the right rear wheel coming into contact with the left front fender of appellees' car just hard enough for him to lose control. The bus, however, did not stop but went on down the road. Appellees' car then out of control, swerved back across the highway, colliding with and overturning the Jones car and crashing into a ditch. The Greyhound bus was blue and white. Jones' and appellees' cars were black. A blue mark, similar to the blue paint on the Greyhound bus was found after the wreck on the top part of the left front fender of appellees' car. Later that day the state patrol reported finding scratches about 3 or 3½ feet high on the right rear portion of the bus driven by Short.

A second Greyhound bus came by the scene of the wreck, also going toward Atlanta about five minutes after the wreck occurred. No other Greyhound busses were seen in the vicinity of the wreck for 45 minutes or more.

About 15 minutes after the wreck, the State Patrol arrived and radioed a mes-

sage to Buford, about 20 minutes by bus from the scene of the wreck in the direction of Atlanta, to stop the first south bound bus and report the name of the driver, and pursuant to those directions an Atlantic Greyhound bus driven by Swain Short was stopped.

Appellants admit in their answer that on the date of the wreck two of their busses passed the point where appellees' car was forced off the road at about, or close to, the time the wreck occurred, and appellees' bus driver Short testified that as scheduled these two busses of appellant left Gainesville at the same time, 2:30, one a local, the other a through bus to Atlanta, and the next scheduled bus left behind these two at 3:20.

The second bus came by after the wreck, stopped, and then went on. One of the Atlantic Greyhound busses was driven by Short, the other by a Mr. Meers. Meers was not used as a witness. Short was. None of the passengers on Meers' bus were used. Only four of those who were passengers on Short's bus were used. They and Short all swore that they saw no wreck or collision, and Short swore positively that he did not sideswipe the automobile. He also swore that Crowe admitted to him that Short's bus was not the one that struck the car, while Crowe testified, "No, I don't remember telling Jack Short the day after the bus ran me off the road that it was not his bus that ran me off. I am positive I didn't tell him it was an old type bus that ran me off."

and that no other busses came along there within 45 minutes of that time; while additional reliance is placed on the failure of the defendants to bring the driver Meers as a witness or the passengers in his bus.

■■ While the case is a closer one on the evidence than that of Atlantic Greyhound Corporation v. Crowder, 5 Cir., 177 F.2d 633, this day decided, we cannot say that the evidence is insufficient to support the verdict. It is true that there are inconsistencies in the testimony offered by plaintiffs, and that, viewing the evidence as the jury had to view it, there is room for confusion and doubt as to which of appellant's busses, the one driven by Short or that driven by Meers, struck the plaintiff's car, and because of this confusion and doubt, some room for argument that maybe none of its busses were involved. But we think it plain that these are all questions for the jury in considering the problem of proof, that is of what was and what was not proved, of what portions of the evidence loomed larger in significance than others, of what, in short, viewing the evidence as a whole, the jury could find was proven. In this view, it is not necessary for us to determine whether the jury found that it was Short's bus that struck plaintiffs' car, or the one driven by Meers. It is sufficient for us to determine whether the evidence supports a finding that one of the two busses of Atlantic Greyhound Corporation which came along the highway at or about the time of the wreck did strike it.

Upon a careful consideration of the record, we are left in no doubt that in the absence of more convincing evidence than the record contains excluding both of these busses of Atlantic Greyhound Corporation from participation in the occurrence, we cannot say that the evidence as a whole does not furnish a basis for the finding by the jury that one of the Atlantic Greyhound Corporation's busses shoved the plaintiffs' car off the road and caused the injuries for which they were given judgments.

The judgments are

Affirmed.