MISSISSIPPI STATE HIGHWAY COMMISSION *v.* DODSON *et al.*

(In Banc. Jan. 12, 1948.)

[33 So. (2d) 287. No. 36635.]

Greek L. Rice, Attorney General, by John Kuykendall, Jr., Assistant Attorney General, for appellant.

Mize, Thompson & Mize, of Gulfport, and **Frank F. Mize**, of Forest, for appellees.

**Sidney Smith, C. J.,** delivered the opinion of the court.

This cause came to the court below, as did the case of Mississippi State Highway Commission v. Loper et al. (Miss.), 33 So. (2d) 288, on appeal from an eminent domain court, and they were, by agreement, tried in the court below at the same time, before the same jury, and are embraced in the same record in this Court. The trouble we have had in referring the evidence in the record to the case to which it was addressed, and which the jury also must have had, causes us to register our disapproval of this practice, but as the appellant agreed thereto, we will not reverse on this account.

Land owned by the appellee Dodson formerly consisted of two separate tracts, a quarter of a mile apart, of about forty acres each which will be here designated as the east and west tracts, the intervening land being owned by Mrs.

Dodson's father. A highway crosses the southeast corner of the west tract, cutting off a small portion thereof. This eminent domain proceeding was for the purpose of moving this highway a short distance to the east.

The appellee is a farmer and also engaged to some extent in the dairy business, the east tract being used mainly as a pasture for his cattle, his residence, barn and cattle pens being on the west tract, west of the highway which the Commission desires to move to the east. The appellee's cattle have been driven from the west to the east tract and back across the intervening land owned by his father-in-law. In February 1946, the appellee purchased from his father-in-law a strip of land fifty feet wide connecting his east and west tract for the alleged purpose of a passageway from one tract to the other, but when this case was tried it had not been used therefor. The appellee's cattle were driven from one tract to the other as theretofore. The new highway passes, or will pass, across this strip of land, and this proceeding is to condemn 6/100 of an acre thereof. In February 1946, prior, of course, to the purchase of this land by the appellee, negotiations were begun by the Highway Commission to purchase a right-of-way over it for the new highway.

The case was tried in the court below, and without objection insofar as the record discloses, on the theory that the two original tracts of land, and the strip of land connecting them, together formed one tract for condemnation purposes. Counsel for the appellant contends here that they do not form one tract, but no ruling of the court relative thereto is challenged and we therefore cannot consider it.

The measure of damages sought to be recovered, and to which the evidence was pointed, is "the difference between the fair market value of the whole tract immediately before the taking, and the fair market value of that remaining immediately after the taking." Mississippi State Highway Commission v. Hillman, 189 Miss.

850, 198 So. 565, 569. The evidence for the appellant was that this value was about $25, the judgment for the appellee was for $750, but several of his witnesses placed his damages at a much higher figure. In arriving at their estimate of what the value of this land, treating it as an entire tract, would be, after the highway was built across it, the witnesses had the right to take into consideration any necessary inconvenience that would result therefrom that would probably be taken into consideration by a would-be purchaser thereof; but the appellee's witnesses did not confine themselves to such facts in estimating what this fair value would be, but placed their estimate on their idea of what damage for these inconveniences to the present landowner would be. It may be difficult to prevent witnesses from doing this in this sort of a proceeding, nevertheless it must be done, as will appear from our former decisions. One fact that influenced all of the appellee's witnesses is that the appellee would have to drive his cattle across the highway to and from the two tracts. No reference was made in the court below to the fact that this would have to be done should the highway have been permitted to remain as it was when the Highway Commission decided to remove it a short distance to the east from where it then was.

Reversed and remanded.