Mississippi State Highway Commission *v.* Dodson, et al.

In Banc. Oct. 10, 1949.

No. 37175   (42 So. (2d) 179)

230

**John M. Kuykendall,** Assistant Attorney General, for appellant.

232

**Frank F. Mize**, for appellee.

**Roberds, J.**

Appellant condemned for a public highway less than one acre across a strip of land belonging to appellees. The jury assessed the damages at $850.00, and the Highway Commission appeals.

Appellant says the jury considered improper elements of damage. On the former appeal of this case to this court (203 Miss. 10, 33 So. (2d) 287, 288) one ground of reversal was that the record then showed that ▉▉ ▉ the jury in that trial took into consideration the inconvenience to the existing owner in driving his cattle and stock over, and in going to and from a part of his farm across the proposed highway. The court said such inconveniences constituted proper elements for the jury

to consider as bearing upon the sale value of the divided farm, "but the appellee's witnesses did not confine themselves to such facts in estimating what this fair value would be but placed their estimate on their idea of what damage for these inconveniences to the present landowner would be." ■■■ The court noted that it would be a difficult matter to prevent witnesses testifying as to such inconvenience to the present owner. On the retrial of the case, the evidence was confined as nearly as is practicable to the comparative before and after market values of the property. It is evident the property owner was making an earnest effort to limit the questions and answers to such value. While it is true that in some of the answers given by the witnesses they referred to present inconvenience, it is clear the questions to, and the answers given, by the witnesses bore upon the effect of such inconvenience as it affected the before and after market value of the remaining property, plus the value of the property actually taken. That was the correct rule in this case. Baker v. Mississippi State Highway Commission, 204 Miss. 166, 37 So. (2d) 169; Mississippi State Highway Company v. Dodson et al., supra.

Appellees owned two tracts of land—one tract of 44 acres, practically all of which lies west of old highway 35, and another tract of 40 acres one fourth of a mile east of the first tract. A small part of the first tract was east of the old road—in other words, the old road runs through a part of the first tract—but that tract does not touch the new road, which new road was constructed some three hundred feet east of the old road opposite the west tract of appellees. The east forty-acre tract does not touch either the old or the new road. In estimating the damage, the witnesses treated both tracts as one farm, or agricultural, unit. Appellant says that was error; that the two tracts are entirely separate and no damage to either tract could be taken into consideration by the jury; that the only element of damage involved

is the value of the small parcel actually taken by appellant. The proof shows that on February 27, 1946, before this condemnation proceeding was begun, appellees purchased a strip of land fifty feet wide north and south, extending from the west to the east tract, the deed showing a consideration of $200.00; that he did this the more conveniently to operate the two tracts; that he was engaged in farming, dairying and cattle raising; that he bought that strip for the purpose of driving cattle, stock, and transporting farm machinery, and moving crops thereover from one tract to the other; that he cultivated, farmed, and grazed both tracts, using the two as one unit. The land condemned is a one hundred foot way across the connecting fifty foot strip, the new road crossing the strip some two to three hundred feet east of the west tract and some 1020 feet west of the east tract.

In 18 Am. Jur., Page 910, Sec. 270, the rule applicable to this situation is stated to be: ██ ██ "When a portion of a parcel of land is taken for the public use, the owner is entitled to recover for the injury to the remainder of the parcel only, and cannot recover for injury to separate and independent parcels of land which he may happen to own in the same neighborhood. In determining what constitutes a separate and independent parcel of land, when the property is actually used and occupied, unity ₒ of use is the principal test, and if a tract of land, no part of which is taken, is used in connection with the same farm, or the same manufacturing establishment, or the same enterprise of any other character as the tract, part of which was taken, it is not considered a separate and independent parcel merely because it was bought at a different time, and separated by an imaginary line, or even if the two tracts are separated by a highway, railroad, or canal." Again, in 29 C.J.S., Eminent Domain, § 139, page 976, it is said: ██ ██ "Where only a part of a tract, parcel, or lot is taken in the exercise of the power of eminent domain, it is generally recognized that the

owner is entitled to recover damages not only for the part taken but also for the injuries accruing to the residue from the taking." And at page 982, Section 140, a definition of a unit of property is given in these words: ██ ██ "To constitute a unity of property within the rule, there must be such a connection or relation of adaptation, convenience, and actual and permanent use as to make the enjoyment of the parcel taken reasonably and substantially necessary to the enjoyment of the parcels left, in the most advantageous and profitable manner in the business for which they are used. If the separate tracts of which a part of one is taken are not put to a joint use, they cannot be considered as one parcel in assessing damages to the land not taken."

██ ██ Applying the above rules to the facts of this case, we think the two tracts here involved constituted one unit for agricultural, dairying, and cattle-raising purposes. Both tracts were used for those objects and the strip in question was bought for the very purpose of doing that. Certainly this connecting approach was of great convenience and value for such use.

██ ██ Thirdly, it is urged that the amount of damage found by the jury is greatly in excess of the actual damage. Regardless of the personal opinion of any member of the court, the question is whether, under the proof in the record, we can judicially say it is so excessive as to call for a reduction here of the amount or a reversal and remand for another jury to pass upon the question. As to the evidence on behalf of condemnor only one witness testified as to the damage. He was an engineer employed by appellant. He estimated the damage at not over fifty dollars. That was for the land actually taken. He said the remaining lands had suffered no damage whatever in his judgment. On that question, the following witnesses testified for appellees:

Dodson, the owner, explained why the connecting strip had been purchased; how it had been used to operate the

two tracts, and why the road which had been constructed across the strip had interfered with such operation. He, and other witnesses, said the new road bed was some six feet high, not adding to that the depth of the ditches on either side; that it was impossible to cross that road with cattle, stock, farming equipment, and machinery. He said, without dispute, that in going from his home, located on the west tract, to the east tract, he first had to travel south from his home some half mile to get to a crossing of the new road, and then, of course, come back north the same distance to get to the east tract, and, even then, he necessarily had to go over the land of other persons. In this connection, appellant argues with force that before the new road was constructed Dodson had to cross the old road in going from the west to the east tract. That was mentioned in the opinion on the former appeal of the case to this court. However, it is explained in this record, and the photographs show, that the old road ran right near, and just to the east, of the residence of Dodson; that the road was almost flat to the natural ground, and the physical situation presented no difficulty in crossing it to get onto the fifty foot strip. Beard, a merchant at Harpersville, some two and a half miles south of the residence of Dodson, testified that he was familiar with the physical situation, knew the value of lands in that section, and that the difference in the before and after market values would be, in his judgment, not less than $1200.00. He estimated the fill of the new road to be eight feet and explained the difficulty of getting from one tract to the other. Stroud, a farm operator, a former land appraiser for the Federal Land Bank, a man with long experience in valuing lands in that section of the State, who was well acquainted with the lands in question, and the physical situation resulting from the construction of the road, estimated the damage at $1300.00.

Ware, residing within a mile and a half of the land in question, a farmer for twenty-five years and for that length of time familiar with the Dodson land, said the difference between the before and after values was at least $1000.00. So eliminating the testimony of Dodson himself, we have three disinterested, unimpeached witnesses, familiar with the situation, thoroughly acquainted with values, all estimating the damage at considerably more than that fixed by the jury; whereas condemnor had one witness, an employee, who estimated the damage.

In addition to that, the jury went upon the scene, observed the conditions, heard evidence there taken, the witnesses pointing out lines and objects upon the ground. They saw the detriments and inconveniences to the property and its occupants. And, it may be observed that this was after the new road had actually been constructed.

Further, it is in the record and not unimportant that this is the third time a jury has passed upon the question of damage. The first jury awarded $500.00; the second $750.00; and the present jury $850.00. Apparently the first two jury inspections were made before the construction of the road. The jury in this case had the benefit of the physical appearance created by the final completion of the road. We believe it is evident, under these circumstances, that this court cannot say the verdict of the jury was the result of bias or prejudice or against the overwhelming weight of the evidence.

Affirmed.