MISSISSIPPI STATE HIGHWAY COMMISSION *v.* DANIELS

No. 41119 February 9, 1959 108 So. 2d 854

186

*Salterfield, Shell, Williams & Buford, K. Hayes Callicutt, Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson; *Womack & Womack.* Belzoni, for appellant.

*Montgomery & Varnado,* Belzoni, for appellees.

ON CROSS-APPEAL.

Gɪʟʟᴇsᴘɪᴇ, J.

This is an appeal by the Mississippi State Highway Commission, herein called Commission, from a circuit court judgment in an eminent domain case.

The Commission adopted and spread on its minutes a condemnation order declaring the necessity for the taking for public use a strip of appellees' land for the construction of a part of Highway No. 49, known as Federal Aid Project No. F010-1(4).

Pursuant to the Commission's application a special court of eminent domain was organized with a justice of the peace presiding. The application did not limit the taking with reference to whether the access rights of the landowner were to be limited or controlled. It contained the words, "including the right to provide limited access facilities". The amount awarded appellees in the special court of eminent domain was $38,907.00. The Commission immediately took possession of the condemned strip and began work on construction of the highway.

On appeal from the judgment of the special court of eminent domain to the circuit court, and before trial de novo in the circuit court, the Commission filed a motion seeking leave to amend its application so as to strike therefrom the words "including the right to provide limited access facilities where deemed necessary", and so as to show Highway No. 49 was neither a limited access facility as defined in Chapter 313, Laws of 1956, nor a controlled access facility as defined in Chapter 314, Laws of 1956. The application for the taking, through mistake or inadvertence, had included rights with reference to access and control that the Commission did not need or desire, and the proof offered on the motion to amend showed that Highway No. 49 is neither a limited access nor a controlled access highway. The motion to amend was overruled.

Appellees' tract of land through which the right of way was sought consists of 301 acres in all, and lies adjacent to the western city limits of Belzoni. The right of

way runs generally north and south about one-fourth mile from the city limits so that there is a strip of land lying between the new right of way and the city limits. A bayou lies between the city limits and appellees' property, and this bayou is the eastern boundary line of appellees' land except that the south approximately one-third of the eastern boundary does not extend to the bayou. The northern boundary of appellees' land is Highway No. 12, which the new proposed Highway No. 49 intersects at the northern terminus of the right of way in question. Between appellees' land and Highway No. 12 there is a drainage canal. The land of appellees is now used for farming. There are some industries and commercial enterprises adjoining or near appellees' land on the east and south. On the north there are two or three businesses north of Highway No. 12. Otherwise appellees' land adjoins other farm land.

The new right of way divides appellees' land so that roughly one-fourth of the land will be east of the new highway and three-fourths west of the new highway. The area sought to be condemned for the right of way in question is 25.58 acres.

The Commission's witnesses estimated that appellees would be damaged from $14,172 to $18,500, while appellees' witnesses estimated the damages from around $42,000 to nearly $60,000. The jury in the circuit court trial assessed damages at $35,000. The Commission appeals to this Court from the judgment of the circuit court.

The Commission first assigns as error the overruling by the circuit court of the Commission's motion to amend its application so as to make it show that the Commission was not taking the right to limit or control the access of appellees to the new highway.

Pertinent to this question, several matters relating to the testimony should be stated. The Commission offered, and the circuit court refused to admit in the presence of the jury, proof that the new proposed highway was an

access highway and was not a limited access or controlled access highway. One of appellees' witnesses did not know whether appellees would have full access to the new highway or limited access. Another witness for appellees testified that in considering the damage he considered that appellee would not be allowed access. Still another stated that in considering the damages he took into consideration that it would be a "one access road", reference being made to the one place on the map which showed access for the intersection of a street when it is extended from the city to the highway.

Three instructions were given the Commission which told the jury that the Commission was not condemning or taking the abutting rights of access of the defendants and that they would have direct right of access from their property to U. S. Highway No. 49 when said highway is constructed, subject only to reasonable rules and regulations of the Commission as provided by law and under the statutes, and that said Highway No. 49 is neither a limited access facility nor a controlled access facility.

It should be noted that we are not considering an amendment *increasing* the kind, amount or quality of the estate sought to be condemned.

The statute enjoins the applicant in an eminent domain proceeding to "state with certainty the right and describe the property sought to be condemned." Sec. 2751, Code of 1942. The Commission, apparently through inadvertence, filed its application so as to include in the rights taken the right to provide limited access facilities, or, in other words, the taking under the application as originally filed included the appellees' access rights. The proof offered on motion to amend shows without dispute that the Commission did not need and did not desire to acquire these access rights, and the amendment sought to eliminate these access rights from the estate sought to be taken.

We said in Muse v. Mississippi State Highway Commission, 103 So. 2d 839, that: "The courts have generally

held that any fact tending to reduce the damages otherwise accruing to the owner, such as restriction on the appropriator's use of the property and reservation to the owner of some right therein, may be considered in assessing damages in condemnation." In the *Muse* case, the owner insisted that the case be tried as a "landlocked" case. We held that the fact that Muse would have certain rights of access, though limited, should be considered so as to reduce the owner's damages to that extent. It appears that the public necessity did not require that the Commission take from appellees their access rights, and we said in City of Greenwood v. Gwin, 153 Miss. 517, 121 So. 160, that a condemnor "could not be driven beyond the public necessity in condemning appellees' easement."

It seems clear to us that in the present case the Commission was entitled to have the jury consider the fact that appellees would have access to the new highway subject only to reasonable rules and regulations, and that since the application as originally filed in the special court of eminent domain sought to condemn a greater estate than the Commission desired or needed to take, the amendment should have been allowed unless something in the law prohibits such amendment. The *Muse* case is authority for the proposition that the case should be tried upon a theory that is fair to the landowner and fair to the Commission.

■■■ The general amendment statute, Sec. 1511, Code of 1942, gives courts power to allow amendments "so as to bring the merits of the controversy between the parties fairly to trial." Sec. 2766(c), Code of 1942, providing for appeals from the special court of eminent domain to the circuit court provides that "the issues shall be tried de novo in the circuit court, which shall try and dispose of it as other issues, and enter all proper judgments." The circuit court does not sit as an appellate court "but the case must be tried anew as if it were orig-

inally instituted in the circuit court." Lucedale Commercial Co. v. Strength, 163 Miss. 346, 141 So. 769.

It does not appear that there is any reason why the circuit court should not entertain a proper amendment limiting the estate sought to be condemned when timely made, before trial de novo, in an eminent domain case. Authorities from other jurisdictions appear to be in accord with this view. 18 Am. Jur., Eminent Domain, Sec. 375, p. 1018; Ibid., Sec. 327, p. 971; 30 C. J. S., Eminent Domain, Sec. 371, p. 66; Ibid., Sec. 372, p. 67; Nichols on Eminent Domain, Sec. 8.2, p. 13; Alfred D. Jahr, Eminent Domain, Sec. 325, p. 353.

Appellees contend that since the Commission's minutes attached to the original application for taking did not limit the taking in reference to access rights, and since this Court held in the *Muse* case that if the application fails to limit the taking the Commission would acquire all access rights as set out in the statutes, the agents, servants, and attorneys of the Commission were without power to amend the application limiting the full statutory rights which the Commission's order sought to condemn. We do not think the attorneys for the Commission stand in any different position than attorneys for other litigants, and when they seek to take a particular step in the progress of litigation it is not necessary that they produce an order from the Commission. Otherwise, the attorneys for the Commission would be unduly restricted and could not properly represent the interests of the Commission.

Appellees contend that once the Commission goes into actual possession of the right of way sought to be condemned, the right so condemned became an "incontestable right" under the authority of State Highway Commission v. Buchanan, 175 Miss. 157, 165 So. 795, and the only thing not waived was the right to appeal with respect to the amount of the award. We do not so construe the *Buchanan* case. Appeal from the special

court of eminent domain is for trial de novo, and if the right of appeal in such case is to be allowed, the procedural rights attendant upon such appeal are carried with the right. We have already shown that proper amendments limiting the estate are properly allowable. There appears to be no valid reason why the Commission, because it took possession of the right of way, should be forced to take a right it does not need.

 █ Appellees contend that the circuit court tried the case and instructed the jury exactly as if the amendment had been allowed; that the case was tried in all respects as if the amendment was allowed, and the question is moot. It is true that the court instructed the jury fully that the Commission was not taking the access rights of appellees and the new highway was neither a limited access nor a controlled access facility. It is also true that it appears from the proof that the Commission never intended to take appellees' property for a limited access or controlled access highway, but this testimony was taken on motion to amend. It is said that the Plan and Profile of the new highway, which was introduced, shows that the right of way through appellees' land was a full access highway. If any one other than an engineer could understand the Plan and Profile in that regard, it is not known to the Court. But assuming that the jury had some evidence that it was a full access highway, the confusion and prejudice caused by failure of the lower court to permit the amendment is obvious. The Commission sought to prove by its witness, Drummond, the status of Highway No. 49, as to whether it is a limited or controlled access highway. The court refused to admit this evidence. As already stated, one of appellees' witnesses did not know whether it was an access highway and two other of appellees' witnesses testified that in considering the damages they considered it a limited access highway. The map introduced had one apparent opening for access to the right of way through appellees' property. This was

to accommodate a street extension. The implication of this map, when considered with the testimony and the refusal of the trial court to permit the Commission to show what access rights appellees would have, clearly indicate that the jury was confused as to the matter of access rights, notwithstanding the instructions on the subject. Moreover, the witnesses on whose testimony the jury obviously acted in assessing the damages considered the lack of access rights as an element of damage. We hold that the lower court committed reversible error when it overruled the Commission's motion to amend.

The Commission next complains that witnesses for appellees were not required to follow the before and after rule. Several of these witnesses were allowed to estimate the fair market value of the land taken without qualifying the estimate under the before and after rule; however, all but one subsequently related the estimate of damages to the difference in the fair market value of the whole tract before the taking and the fair market value of the land remaining after the taking. We need not decide whether reversible error resulted in this connection since a new trial must be had, and it is not likely that any such error will recur. The formula for measuring damages in this case is clearly stated in Mississippi State Highway Commission v. Hillman, 189 Miss. 850, 198 So. 565, and Mississippi State Highway Commission v. Dodson, 203 Miss. 10, 33 So. 2d 287. The requirement of the law that witnesses qualify their estimates of damages under the before and after rule is made clear in Mississippi State Highway Commission v. Burwell, 206 Miss. 490, 39 So. 2d 497.

The Commission makes the following assignment of error: That in cross-examining the Commission's witnesses, appellees' counsel read into the record prices received by others from the sale of commercial lots in the vicinity of the land involved; that such procedure, in effect, permitted counsel to testify without

being sworn; that the land referred to was not shown to be similar and of like quality to the land involved in the suit; and that while deeds to other lots are not permitted to be introduced, this was done indirectly by counsel reading from photostatic copies of such other deeds. Appellees say they did not exhibit any copies of deeds to the jury, and the record before us does not show that any deed or copy of deed was exhibited to the jury. Of course, it is not permissible for counsel to state into the record prices paid for other lots, but the price of land similar to and of like quality to that involved in the case may be shown to weaken opinion values. Board of Levee Comrs. for Yazoo & Miss. Delta v. Nelms, 82 Miss. 416, 34 So. 149.

██ When a witness for the Commission has testified as to the amount of damages, we think the owners' counsel should not be restricted on cross-examination by denying him the right to cross-examine the witness about the prices paid for other land in the vicinity similar to and of like quality to that involved in the suit; but proof of such similarity and like quality must be made before the matter of price may be shown.

██ Another assignment of error is predicated on the testimony of appellees' witness Bridges to the effect that the present owners would be damaged in a certain sum because of the inconvenience of crossing the highway after the land is severed by the highway. This was not a proper separate item of damage. Mississippi State Highway Commission v. Hillman, supra; State Highway Commission v. Day, 181 Miss. 708, 180 So. 794. Appellees did not bring out this testimony, but it developed on cross-examination. ██ Of course, it shows the witness considered an improper element in estimating the amount of damages, and the court should have sustained the motion to exclude the testimony of this witness. But we do not mean to say that we would reverse for this error alone.

After careful consideration of the cross-appellant's contentions, we are of the opinion that the case should be and is affirmed on cross-appeal.

Reversed and remanded on direct appeal; affirmed on cross-appeal.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.