FLURRY, A MINOR, ETC. *v.* DEES

No. 41822 April 17, 1961 128 So. 2d 873

*Walton L. Nixon, Jr.,* Biloxi; *Donald W. Cumbest,* Pascagoula, for appellant.

*W. E. Belt,* Pascagoula; *M. M. Roberts,* Hattiesburg, for appellee.

298

CROSS-APPELLANT IN REPLY.

McGEHEE, C. J.

On January 5, 1959, Clifton C. Flurry, a minor approximately seven years of age, was struck and severely injured by the automobile of the appellee, C. L. Dees, who was driving the same in the Village of Van Cleave in Jackson County, Mississippi, while the said little boy was going from his home along the street to a nearby grocery store at nearly 5:30 in the afternoon. Upon the

trial of the lawsuit, the little boy, who sued by his mother and next friend, recovered judgment on the verdict of the jury for the sum of $30,900 against the appellee C. L. Dees. The circuit court ordered that a remittitur be entered reducing the said judgment from $30,900 to the sum of $25,000, and that unless said remittitur should be entered a new trial was granted.

The plaintiff Clifton C. Flurry, by his mother and next friend, took a direct appeal to this Court from the action of the Circuit Court of Jackson County in ordering the said remittitur, and the appellee C. L. Dees took a cross-appeal based upon said alleged errors assigned in the admission of evidence and in the giving or refusal of instructions. The cross-appellant also complains a verdict in the sum of $25,000 would be excessive.

In Harper v. Mississippi State Highway Commission, 216 Miss. 321, 326, 62 So. 2d 375, 377, this Court said: "Section 1536, Code of 1942, recognizes the right of a trial court to grant as many as two new trials if the facts and circumstances are such as to warrant the court in doing so. *And the action of a trial court in setting aside a verdict and granting a new trial will not be disturbed unless there is a manifest abuse of his discretion in so doing.*" See Long v. Magnolia Hotel Co., 236 Miss. 655, 111 So. 2d 645.

 █ We have carefully examined both the lay and medical testimony in this record, and we have concluded that the jury was warranted in believing, and especially from the undisputed testimony of the three medical witnesses, that the little boy sustained serious and permanent injuries as the result of being run over by the automobile driven by the appellee C. L. Dees, and that a verdict of $25,000 is not so excessive, if excessive at all, as to shock the enlightened conscience of the court or to evince bias, passion or prejudice on the part of the jury.

The Village of Van Cleave, where there are only a few places of business, does not have sidewalks along its

public thoroughfare. It is undisputed that children and others are accustomed to walk the route where the little boy was struck by the appellee's automobile, and there was proof that the injured boy was out in the open in front of the appellee's automobile at the time he was run over by the same, and the appellee, who was introduced as an adverse witness, testified that he did not know why he did not see the child before he ran over him. He testified that it was about "dusk, dark", and the witnesses for the plaintiff testified that the lights were already burning in the stores. The lights of the appellee's automobile had not been turned on, but he explained that he intended turning them on as soon as he got to the main thoroughfare, which was about thirty or forty feet ahead of him.

We think that under all of the facts and circumstances the testimony presented an issue peculiarly for the determination of a jury, both on the question of liability and as to the extent of the damages sustained.

We have therefore concluded that the case should be affirmed both on direct and on cross-appeal, and that the appellant, who was the plaintiff below, should be allowed ten days from and after this date to enter the remittitur, as ordered by the Circuit Court, and that otherwise the case will be reversed and remanded for a new trial on the question of damages only.

Affirmed.

*Kyle, Ethridge, Gillespie* and *Jones, JJ.,* concur.