AINSWORTH *v.* INTERSTATE OIL PIPE LINE COMPANY

No. 42081        December 11, 1961        135 So. 2d 823

*McFarland & McFarland,* Bay Springs, for appellant.

354

*Shannon Clark, Welch, Gibbes & Graves,* Laurel, for appellee.

RODGERS, J.

This is a condemnation suit filed in the county court of Jones County, Mississippi, by Interstate Oil

Pipe Line Company against Otis Ainsworth in which the petitioner sought to condemn 4.7 acres of land belonging to the appellant, Otis Ainsworth, for the purpose of constructing an oil pipe line from the Bryan Field in Jones County to the Interstate Terminal near the Soso Field in Jones County, across the lands of the appellant. A trial was had in the eminent domain court on June 1, 1960, resulting in a jury verdict in favor of the appellant in the sum of $10,400.00. The Interstate Oil Pipe Line Company appealed from the verdict and judgment of the county court to the Circuit Court of the Second Judicial District of Jones County. Thereafter, on the 19th day of April, 1961, the Circuit Court entered its judgment reversing the judgment of the county court and ordering a new trial, unless the appellant entered a remittitur of $7,000.00 within 15 days. The appellant, land owner, declined to enter a remittitur and prosecuted his appeal to the Supreme Court under Section 1536, Mississippi Code of 1942, as amended by Chapter 230, Laws of 1956. The Interstate Oil Pipe Line Company also prosecuted a cross appeal from the judgment of the Circuit Court, asking for a new trial under the facts presented.

The appellant, Otis Ainsworth, is the owner of 450 acres of land near Sandersville in Jones County, Mississippi. The property sought to be condemned is described in the petition filed with the county court and comprises a strip of land 30 feet wide, 15 feet on each side of a survey line, running east and west across appellant's property for a distance of 6,816 feet. A ditch will be dug 20 inches wide and about 48 inches deep across the Ainsworth property.

The witnesses testified the following damages would result to the property by the taking of the easement, for the purpose of building the pipe line:

|  | Value Before Taking | Value After Taking | Resulting Damage |
|---|---|---|---|
| **For Pipe Line Company:** | | | |
| J. H. Davis, Agricultural Agent | $ 52,875.00 | $51,820.00 | $ 1,054.60 |
| L. C. Kirkland, Ex-Appraiser | 51,100.00 | 50,000.00 | 1,100.00 |
| James M. Vardaman, Consulting Forester | | Timber | 215.00 |
| **For Otis Ainsworth:** | | | |
| John Blackledge | $105,000.00 | $75,000.00 | $30,000.00 |
| C. B. Howse, Farmer and Machinery | 108,000.00 | 80,000.00 | 28,000.00 |
| Claude Smith | 112,000.00 | 86,000.00 | 26,000.00 |
| Ainsworth | | | 25,000.00 |

■■ The order of the Circuit Court granted a new trial, and for that reason, we refrain from discussing the testimony introduced in the county court. We point out, however, that the evidence did not show and the jury was not given an opportunity to know the sale value of known comparable property, in that territory; nor did the testimony particularize the appraisal values, so as to aid the jury in determining the over-all value of the property. Some of the evidence introduced did not comply with the firmly established rule for determining damages in eminent domain cases, namely: ''The fair market value of the whole property before the taking, less the fair market value of the whole property immediately after the taking.'' See cases cited in Mississippi State Highway Commission v. Strong, 129 So. 2d 349 (Miss. 1961).

■■ It has for many years been the general rule in this state, that the Supreme Court will consider favorably the action of the trial court in granting a new trial, and will sustain its order unless manifest error appears therein. The rights of the parties have not been fully settled by an order granting a new trial, as would be the case if the trial court had refused to grant a new

trial. Smith v. Walsh, 63 Miss. 584; Harper v. State Highway Commission, 216 Miss. 321, 62 So. 2d 375; Long v. Magnolia Hotel Co., 236 Miss. 655, 111 So. 2d 645, 114 So. 2d 667; Flurry v. Dees, 128 So. 2d 873 (Miss. 1961).

After a careful examination of the testimony in this case, it is apparent to us that the verdict of the jury of the county court is so excessive as to evince passion and prejudice, and the Circuit Judge was correct in granting a new trial; nor can we hold that there was manifest error in the order of the trial court because of having entered a remittitur of $7,000.00.

The order of the Circuit Court granting a new trial in the county court will, therefore, be affirmed on direct and cross appeal unless the appellant, Otis Ainsworth, enters a remittitur of $7,000.00 within 15 days from this date. In the event a remittitur is filed, the Interstate Oil Pipe Line Company is charged with the cost of court, and six per cent interest on the balance from the date of the judgment of the county court.

Affirmed.

*Kyle, Arrington, Ethridge* and *McElroy, JJ.,* concur.