**Carl TIDWELL, Administrator of the Estate of Brenda Sue Tidwell, Deceased, Plaintiff,**

**v.**

**Thermon L. RAY, Defendant.**

**No. W-C-21-61.**

United States District Court
N. D. Mississippi, W. D.

Sept. 18, 1962.

W. L. McDonough, William G. Collins, Leslie Darden, Lester F. Sumners, New Albany, Miss., for plaintiff.

Hugh N. Clayton, New Albany, Miss., for defendant.

CLAYTON, District Judge.

This diversity tort action seeking damages for the death of a seven year old girl was tried to a jury. At the close of all the evidence plaintiff moved for a directed verdict upon the ground that, as a matter of law, defendant's evidence established negligence on his part which contributed to the happening of the accident in which the child was killed and that since the child could not be charged with contributory negligence the verdict must be for plaintiff. This motion was overruled and upon submission to the jury, a verdict for the defendant was returned, upon which judgment for the defendant was entered.

Motion to set aside the verdict and judgment and to enter judgment in accordance with plaintiff's aforementioned motion for directed verdict and, alternatively, for a new trial, on the ground that the verdict was against the overwhelming weight of the evidence and contrary to law, was timely filed and is now for disposition on briefs.

No exceptions were taken by plaintiff to the court's instructions to the jury and no complaint is made with respect to any ruling made upon receipt or rejection of evidence or to any other incident or occurrence during the trial. Defendant correctly concedes that a seven year old child is not chargeable with contributory negligence. Hines v. Moore, 124 Miss. 500, 87 So. 1; Morris v. Boleware, 228 Miss. 139, 87 So.2d 246. Hence, only the fact question of actionable negligence or not on the part of defendant is involved.

This court has power to sustain the motion for judgment (the first ground) for one reason only—the absence of any substantial evidence to support the verdict. Danko v. Lewy (5 Cir.), 149 F.2d 66; Pratt v. Louisiana & A. Ry. Co. (5 Cir.), 135 F.2d 692. Or, to say it differently, this motion for judgment should be sustained only if plaintiff's motion for directed verdict should have been sustained. Southeastern Greyhound Lines v. McCafferty (6 Cir.), 169 F.2d 1; Hawkins v. Sims (4 Cir.), 137 F.2d 66, 67; Aetna Casualty & Surety Co. v. Yeatts (4 Cir.), 122 F.2d 350. And, the standard to be applied here is the same as the standard for directing a verdict. Sparrow v. Yellow Cab Co. (7 Cir.), 273 F.2d 1; Standard Accident Ins. Co. of Detroit, Michigan v. Winget, (9 Cir.), 197 F.2d 97, 34 A. L.R.2d 250.

A question for the jury is presented when fair minded men may differ as to the conclusions of fact to be drawn from the evidence. Swift & Co. v. Morgan & Sturdivant (5 Cir.), 214 F.2d 115, 49 A.L.R.2d 924. This rule has been summarized as follows:

"While the power to direct a verdict[1] should, indeed must, be exercised where the state of the evidence demands it, it should be exercised *only when the evidence and the inferences from the evidence are such that reasonable men could reach only one rational conclusion.*" (Citing cases.) (Emphasis added.) Seaboard Properties, Inc. v. Bunchman (5 Cir.), 278 F.2d 679, 681. See also: Baker v. Nason (5 Cir.) 236 F.2d 483 and Atlantic Greyhound Corp. v. Crowder (5 Cir.), 177 F.2d 633.

The conclusion of fact here drawn by the jury from the evidence was that the defendant had acted as would have a reasonably prudent man in the circumstances, and that he was not guilty of any actionable negligence.

And, with respect to directing a verdict for plaintiff, the rule of law applicable in federal district courts has been stated thus:

"In proper circumstances, a federal judge may direct a verdict in favor of the party having the burden of proof. The test, however, in granting a directed verdict for the party with the burden of proof is different from that when his opponent makes the motion. It requires the judge to test the body of evidence, not for its insufficiency to support a finding but rather for its overwhelming effect. *He must be able to say not only that there is sufficient evidence to support the finding, even though other evidence could support as well a contrary finding, but additionally that there is insufficient evidence for permitting any different finding.* The ultimate conclusion that there is no genuine issue of fact depends not on a failure to prove at least enough so that the controverted fact can be inferred, but rather depends on mak-

---

1. And, hence the power to sustain a motion for judgment N.O.V.

ing impossible any other equally strong inferences once the fact in issue is at least inferable." (Emphasis added.) Barron & Holtzoff, Federal Practice and Procedure, Vol. 2B, § 1075, p. 396.

Plaintiff says in his brief, "since the jury evidently accepted the defendant's version of the facts, the sole factual basis of this motion is taken from defendant's own testimony, or facts not in dispute". With this limited aspect, the substance of the pertinent facts will be stated.

Defendant, driving his own automobile, which was purchased new about sixteen months before and which was in good mechanical condition, first saw a standing automobile facing toward him on the shoulder of the highway about one-quarter of a mile away, when he came out of a curve traveling about 55 or 60 miles an hour. As he continued toward this parked automobile he saw "activity" therein and when he was about one-tenth of a mile away he "assumed" that someone was alighting therefrom and then lifted his foot from the accelerator which allowed the vehicle to slow down. There was a mail box near the standing automobile but there was no house on that side of the road in the immediate vicinity. There was a house off the highway on the opposite side. When defendant saw someone move toward the rear of the parked vehicle, he immediately applied his brakes. When he was within one hundred feet or less of the standing automobile, he saw, for the first time, the seven year old child when she started out into the highway from behind the parked vehicle. Immediately he sounded the horn and swerved his automobile to the right, continuing to apply the brakes with greater force, but not fully since he felt to fully depress them would cause his automobile to overturn. The child ran into the left side of defendant's automobile when it was moving at from 20 to 25 miles per hour, at about the front edge of the left front door and was killed. Defendant's automobile was entirely off the pavement

to his right when the impact occurred and came to rest on that side, but off the highway in a field.

It cannot be said that these facts would not permit a finding different from that of negligence and liability on the part of defendant. Hence, the motion for judgment is not well taken.

As aforementioned, plaintiff presents a motion for new trial on the ground that the verdict was against the overwhelming weight of the evidence, and contrary to law, but, as noted, the factual argument is limited to the evidence which would properly bear only on the motion for judgment. In this posture of plaintiff's alternative motion this court, perhaps would be justified in ignoring, or summarily disposing of the motion for a new trial adversely to plaintiff. However, it will be given full consideration.

In passing upon the motion for judgment this court was bound to accept as true the evidence favorable to the verdict and all inferences reasonably to be drawn therefrom, but it is not so hobbled in considering whether to order a new trial, and may rely on its own judgment as to the weight of the evidence. In re Mutual Life Insurance Co. of N. Y., (5 Cir.), 188 F.2d 424; McCracken v. Richmond, F. & P. R. Co., (4 Cir.), 240 F.2d 484. It invokes the sound discretion of the court. Highway Const. Co. of Ohio v. City of Miami (5 Cir.), 126 F.2d 777 (cert. denied) 317 U.S. 643, 63 S.Ct. 35, 87 L.Ed. 518; Evans v. Teche Lines, (5 Cir.), 112 F.2d 933.

In addition to the substance of the evidence heretofore stated it is now well to note that at least two witnesses testified that defendant's automobile was moving at a high rate of speed a comparatively short distance before the impact and four members of the immediate family of the dead child testified that defendant made statements, after the impact, of an inculpatory nature. These statements were denied by him. There were also some minor evidential variations with respect to position of the

child's body after the impact, point of the impact, time of movement of the parked vehicle and other details. But, credibility of these witnesses and the weight to be given their testimony were peculiarly questions to be resolved by the jury. They chose to accept defendant's version of the incident as being the most trustworthy—this they had the right to do. They also chose to find that defendant was not negligent and that, therefore, there was no liability on the part of defendant for the death of this child.

■ Where, as here, the issues of whether defendant was negligent in any of the ways claimed by plaintiff were submitted to the jury on instructions which properly defined negligence; properly defined the burden of care cast upon defendant by law in the circumstances shown by the evidence; properly defined proximate cause and gave to the jury guidance acceptable to plaintiff in all particulars of the case it became and was a question of fact as to whether there was any liability on defendant for the death of this child. Gordon v. Lee, 208 Miss. 21, 43 So.2d 665; Murchison v. Sykes, 223 Miss. 754, 78 So.2d 888; Gordon v. Carr, 226 Miss. 836, 85 So.2d 490; Flurry v. Dees, 241 Miss. 296, 128 So.2d 873; Jones v. Dees, 241 Miss. 540, 131 So.2d 436; Moser v. Hand, (5 Cir.), 81 F.2d 522.

Several cases decided by the Supreme Court of Mississippi are cited by plaintiff and extracts therefrom are quoted, all of which announce correct principles of law. The facts in each of those cases are, however, quite different from those with which we are here concerned and all of these cases (with the exception of three which will be mentioned) were appeals by defendants from jury verdicts finding said defendants guilty of actionable negligence and thus liable to the plaintiffs. Here there is just the opposite—a jury verdict finding defendant guilty of no negligence.

A verdict for defendant was reversed on the facts in Moak v. Black, 230 Miss. 337, 92 So.2d 845, and if the facts there were similar to the facts here, this case would be quite persuasive. There the successful trial defendant undertook to pass a nine year old boy who was traveling the highway on a bicycle in the same direction as defendant. Defendant "according to his own testimony, saw the boy on the bicycle for a distance of several hundred feet before overtaking him. The road was straight and appellee's view was entirely unobstructed, and yet the appellee neither sounded his horn nor applied his brakes to reduce the speed of his car until he got within twelve or fifteen feet of the boy. It was then too late to avoid hitting him. * * *" The facts in Moak were not at all like the facts with which we are here concerned.

The case of Westerfield v. Shell Petroleum Corporation, 161 Miss. 833, 138 So. 561 was concerned with the collision of two motor vehicles traveling in opposite directions on a highway. The suit was by a guest in one of the vehicles and was filed jointly against the driver of the vehicle in which plaintiff was a passenger and the owner of the other vehicle. Non-suit was taken against the owner of the other vehicle, the case was tried with a jury verdict for defendant. In passing on plaintiff's appeal the substance of what the Supreme Court held was that appellee (defendant), according to her own testimony, was guilty of negligence which was a proximate cause of the collision in driving to her left of the center of the highway, and that although the facts would justify the same finding with respect to the non-suited defendant because of the speed of the other vehicle, plaintiff (appellant) was entitled to a directed verdict. The facts were so different in Westerfield that it has no persuasive value here.

A pedestrian who had lawfully entered an intersection controlled by a traffic light and had almost completed the crossing of the intersection before being struck by a truck sued the owner and the driver of the truck in Williams v. Moses, 234 Miss. 453, 106 So.2d 45. There was a verdict for defendants and on appeal the case was reversed on instructions to

the jury. The great difference in the facts there and the law applicable to those facts rob Williams of persuasive force here.

■ For this court to set aside the verdict of the jury would be to substitute the judgment of a single judge for the judgment of the jury with respect, primarily, to the credibility of witnesses and additionally with respect to the factual findings necessary to show reasonable care, or negligence in the circumstances of this case. And, it must be remembered that there was only one witness to all the development of the situation leading to the impact and the impact itself—this was the defendant. No such invasion of the province of the jury is warranted here.

Order will be entered overruling plaintiff's alternative motion for judgment and for a new trial.