GILLESPIE, Presiding Justice.
John L. Swett filed suit in the County Court of Warren County against Mississippi State Highway Commission and alleged that his lands had been damaged by the Highway Commission in violation of section 17 of the Constitution of the State of Mississippi. The declaration charged that Swett owned certain lands in section 17, north of U. S. Highway 80 in Warren County, through which flowed Clear Creek, and that the bed and banks of said creek through his property had been stabilized since 1938. He alleged that sometime before December 1958 the Highway Commission straightened Clear Creek in the vicinity of U. S. Highway 80 and altered the natural course of the stream as it had run for many years by removing two bends, one north and one south of U. S. Highway 80. It also alleged that these bends in the creek had retarded the rapid discharge of water and that the removal of the bends caused the velocity of the discharge of water in the creek to be increased through Swett’s lands, causing the creek bed to be widened and damaging a ford-type crossing which had theretofore been used by Swett in his farming operations.
In its answer the Highway Commission included among other defenses one based upon a conveyance executed by Swett prior to the alteration of the creek bed. The answer alleged that on April 23, 1954, Swett owned the lands to the north of the highway, which the declaration alleged to have been damaged, and lands south of the highway; that on this date Swett executed a conveyance granting the Plighway Commission the right to construct channel changes in the creek; and that Swett had been duly compensated for any damages sustained as a result of the channel changes.
Upon motion of the Highway Commission, the affirmative defense based on the conveyance and the defense based on governmental immunity were heard separately *598 before the principal trial of the cause. Miss. Code Ann. § 1475.5 (1956).
The county court sustained the affirmative defense that the Highway Commission was immune from suit and dismissed the action. The circuit court affirmed on the ground that the conveyance constituted a full release for the alleged damages to the lands under section 17 of the Mississippi Constitution.
On April 23, 1954, Swett was the owner of certain lands in sections 8, 9, 17 and 21 in Township 16 North, Range 5 East, Warren County, Mississippi, and the owner of an unexpired leasehold interest in certain lands in section 16 of that township and range. On April 23, 1954, Swett executed to Mississippi State Highway Commission a deed to the right-of-way of U. S. Highway 80 which traverses Swett’s land in sections 16 and 21. The deed recited a consideration of $1200 for the 13 acres included in the right-of-way across Swett’s land in sections 16 and 21. The deed recited the payment of an additional $2004 for damages for an easement over a strip of land 150 feet in width and 750 feet in length extending southeasterly from the highway “for the purpose of constructing channel changes.” The following words were typed in the conveyance and initialed by Swett, to-wit:
It is further understood and agreed that the consideration herein named is in full payment and settlement of any and all damages and compensation which would be allowable under a decree were it rendered by the Court and Jury in an Eminent Domain proceeding under the provisions of Chapter 3, Title 12 of the Mississippi Code of 1942.
The proof showed that Clear Creek flowed through the lands of Swett in section 17, thence across lands in section 20 belonging to another before passing under the U. S. Highway 80 right-of-way, thence southeasterly through Swett’s land in section 21. The easement acquired from Swett for changes in the channel of Clear Creek started at the northwest corner of section 21 and ran southeasterly. Two bends in the-channel were eliminated, one on Swett’s land in section 21 and one on another’s land in section 20. The damage was to Swett’s. land in section 17. Swett’s land in sections. 8, 9 and 17 was in one contiguous tract of 410 acres. His leasehold estate in section-16 consisted of 105 acres, and he owned’ an adjoining 80 acres in the northwest corner of section 21. On the date of the conveyance by Swett to Highway Commission all of this land, consisting of 595 acres, was-used' for general farming purposes as a single operation. The southeast corner of Swett’s land in section 17 was about 400-feet west of the northwest corner of his-leasehold in section 16, but the two tracts were connected by a county road which Swett used to transfer cattle back and forth. By means of this road the land to the north in sections 17, 9 and 8 was accessible to-other parts of Swett’s lands.
The conveyance from Swett to the Highway Commission was, by the terms thereof, to the same effect .as if the Highway Commission had condemned the right-of-way and easement in condemnation proceedings. The question presented here is: Could Swett have recovered in eminent domain-proceedings for the damage to his lands in section 17 resulting from the taking and use of the right-of-way and easement described in the conveyance of April 23, 1954? We agree with the circuit judge and hold that under the unity of use rule Swett could have recovered in eminent domain proceedings for all damage to his lands, and that the consideration paid for the release and conveyance of April 23, 1954, is a complete defense to the present suit.
This case is controlled by the rule adopted by this Court in Mississippi State Highway Commission v. Dodson, 207 Miss. 229, 42 So.2d 179 (1949). In that case Dodson owned one tract of 44 acres and another tract of *599 •40 acres one-fourth mile east of the first tract. Before the condemnation proceeding was filed, Dodson purchased a .fifty-foot strip of land connecting the two tracts. This strip was used for the purposes of driving cattle and transporting farm machinery from one tract to the other. Dod■son cultivated, farmed, and grazed both ■tracts, using the two as a unit. The High-way Commission condemned a one-hundred-•foot right-of-way across the connecting 50-foot strip. In arriving at the before and .after value of both tracts Dodson’s witnesses treated both tracts as one farm or .agricultural unit. The Highway Commission contended that the only damage was the value of the small parcel of the connecting strip actually taken. The Court ■rejected the argument of the Highway Commission and adopted the unity of use rule .and stated:
“When a portion of a parcel of land is ■taken for the public use, the owner is •entitled to recover for the injury to the ■remainder of that parcel only, and cannot recover for injury to separate and independent parcels of land which he may happen to own in the same neighborhood. In determining what constitutes a separate and independent parcel of land, when ■the property is actually used and occupied, unity of use is the principal test, and if a -tract of land, no part of which is taken, is used in connection with the same farm, • or the same manufacturing establishment, or the same enterprise of any other char.acter as the tract, part of which was taken, it is not considered a separate and independent parcel merely because it was 'bought at a different time, and separated by an imaginary line, or even if the two ■tracts are separated by a highway, railroad, or canal. * * * To constitute . a unity of property within the rule, there must be such a connection or relation of .adaptation, convenience, and actual and permanent use as to make the enjoyment • of the parcel taken reasonably and substantially necessary to the enjoyment of itlie parcels left, in the most advantageous and profitable manner in the business for which they are used. If the separate tracts of which a part of one is taken are not put to a joint use, they cannot be considered as one parcel in assessing damages to the land not taken.” (207 Miss. at 238-239, 42 So.2d at 181-182.)
The unity of use rule is sound. It is just to both the landowner and the con-demnor. In many cases our Court has applied the rule that the owner is entitled to recover damages, not only for the part of land taken, but also for the resulting damage to the remainder of the land. The measure of damages is the difference between the fair market value of the entire property before the taking and the fair market value of the remaining property after the taking, without considering benefits and injuries resulting from the use to which the property is put that are shared by the general public. Mississippi State Highway Comm’n v. Hillman, 189 Miss. 850, 198 So. 565 (1940). In arriving at the before and after values a witness may testify concerning any specific quality, item or injury which affects the depreciated value, provided the witness connects such specific matters with the before and after values and considers them, not as specific items of damage, but only as bearing upon such market values. Mississippi State Highway Comm’n v. Stout, 242 Miss. 208, 134 So.2d 467 (1961). If the Highway Commission had condemned the right-of-way and easement over Swett’s land, he could have recovered damages based on the before and after rule and could have shown all specific items of injury affecting the depreciated value of the remaining property, including that in section 17. Severance damages would have been an item affecting the depreciated value of the remaining land. All questions of drainage resulting from the proper use of the lands would have been considered if supported by competent evidence. If the court should entertain suits for specific items of damage that develop after the taking, the basis of the before and after rule would be undermined.
*600 Swett’s argument that he should be allowed to recover because he had no reason to anticipate damages to his lands in section 17 at the time he executed the conveyance and easement is not tenable. The conveyance and release which referred to the plans for the use of the property on file with the Highway Commission embraced all damages resulting from the proper use of the lands.
We are of the opinion that the circuit court judgment was correct, and it is affirmed.
Affirmed.
RODGERS, JONES, PATTERSON and INZER, JJ., concur.