RODGERS, Justice.
This is an eminent domain suit filed by the Mississippi State Highway Commis *442 sion against James Y. Emerson, Jr. in Montgomery County, Mississippi.
The appellant owns 209.41 acres of farm land on which he raises cattle and grows crops. The land sought to be acquired is near the center of his pasture. The Mississippi State Highway Commission (hereinafter called Highway Commission) had previously negotiated for the purchase of a strip of land across the entire east side of appellant’s land, on which it had constructed an interstate highway. The Highway Commission determined that it needed a large amount of road-building clay and topsoil to continue the building of the interstate highway. Suit was therefore instituted to acquire the necessary road-building soil from the appellant by condemnation proceedings. The necessary clay and soil were located in appellant’s pasture near the center of his farm, and in order to reach the property sought to be acquired, it was also necessary to acquire and condemn a road right-of-way from the highway to the site of the road-building material in the center of the pasture.
The testimony shows that it was necessary to construct a fence around the enormous hole created by the excavation in order to prevent cattle from falling into the excavation. It is also shown that it was necessary to relocate a road on the landowner’s property because of the use of appellant’s land by the appellee, Highway Commission.
Two witnesses for the Highway Commission testified respectively that the appellant would be damaged $1,680 and $1,675. The first witness gave the value of appellant’s farm before the taking as $23,035, and the after-value as $21,325. He then said the value of the land taken was $110 per acre, a total of $682 for the land. He added to this sum $600 for a fence, $400 for the reconstruction or relocation of a road, and the value of certain trees, making a total damage of $1,680 to the landowner as a result of the taking. The second witness for the Highway Commission also testified as to the before and after values of the entire farm belonging to the appellant, but this witness fixed the value of the land acquired at $120 per acre, a total of $745. He added to this sum $600 for a necessary fence and $130 for relocating the road.
It is obvious, therefore, that the damage due the appellant was determined by simply multiplying the number of acres acquired by the value per acre as determined by the witnesses, and adding to this total the cost of the fence and the cost of relocating the road. This method of determining the damages due to the landowner did not take into account the depreciated value of the whole farm caused by the excavation, the cost of building the fence, and the fact that upkeep of the fence would be a continuing expense as long as the property was used as a pasture. Moreover, the mere fact that the Highway Commission obtained only an easement is no help to the appellee, because the Highway Commission in moving the soil and clay from the landowner’s land permanently destroyed the land acquired. In fact, it converted and moved the soil away from the real estate of the landowner. There is nothing of value left on the acquired property to revert to the owner — only a hole in the ground. Mississippi State Highway Commission v. Colonial Inn, Inc., 246 Miss. 422, 432, 149 So. 2d 851, 855 (1963).
This Court has repeatedly held that the method of determining the damages to a landowner in eminent domain proceedings where part of the land is acquired or destroyed is to ascertain the difference between the fair market values of the landowner’s whole tract of land immediately before and immediately after the appropriation is made, taking into consideration the best or most valuable use to which the property is adaptable. Foster v. Mississippi State Highway Comm., 244 Miss. 57, 140 So.2d 267 (1962); Green Acres Memorial Park, Inc. v. Mississippi State Highway Comm., 246 Miss. 855, 153 So.2d 286 (1963); Swett v. Mississippi State Highway Comm., 193 So.2d 596 (Miss.1967); *443 Ainsworth v. Interstate Oil Pipe Line Co., 242 Miss. 352, 135 So.2d 823 (1961); Mississippi State Highway Comm. v. Davis, 249 Miss. 643, 163 So.2d 729 (1964). Of course, in determining “after acquired value” of the property, the jury is authorized to take into consideration the necessity of rebuilding fences and wells, the necessity of relocating roads, and other similar items. These items, however, are all part of the depreciated value of the property, since the landowner is required to do this construction in order to use the property in the manner in which it has been used or for which it is best adapted. Mississippi State Highway Comm. v. Strong, 240 Miss. 756, 129 So.2d 349 (1961); Mississippi State Highway Comm. v. Hall, 252 Miss. 863, 174 So.2d 488 (1965); Mississippi State Highway Comm. v. Colonial Inn, Inc., 246 Miss. 422, 149 So.2d 851 (1963).
The burden is upon the agency seeking to acquire property by eminent domain to prove the value of the property, and in so doing it is necessary to show the damages due to the landowner as a result of the condemnation proceedings. Mississippi State Highway Comm. v. Hillman, 189 Miss. 850, 198 So. 565 (1940); Mississippi State Highway Comm. v. Treas, 197 Miss. 670, 20 So.2d 475 (1945); Baker v. Mississippi State Highway Comm., 204 Miss. 166, 37 So.2d 169 (1948).
In the instant case the Highway Commission has failed to establish by the proper method the damages due to the landowner, and this has resulted in a failure of the jury to consider the damages to the landowner’s remaining land as a result of the large excavation located in the center of his farm.
This case therefore must be reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, P. J.,- and JONES, BRADY and INZER, JJ., concur.