RODGERS, Presiding Justice.
This is an eminent domain proceeding in which the Highway Commission of the State of Mississippi sought to acquire 0.13 of an acre of land from W. E. New and wife for highway purposes. The land is located on the north side of highway 61 between Natchez and Woodville, Mississippi. The original proceeding was instituted in the County Court of Adams County, Mississippi, to accord with Section 2749-04, Mississippi Code 1942 Annotated (Supp.1972), which now appears as Mississippi Code Annotated Section 11-27-7 (1972).
On the day set for trial, the Highway Commission requested the court to permit it to amend the petition so as to show that there was an outstanding mortgage on the property to Mrs. La Una Wilgus Oliver in which E. H. Fitzpatrick, Jr. was trustee. The amendment was made and the case was continued for process.
The case was again set for hearing, but the landowners filed a plea in abatement and advised the court that the mortgagee had not been summoned. The trustee appeared and advised the court that he had no authority to receive the service of process upon Mrs. Oliver, the mortgagee. The county court, over the objection of the landowners, proceeded to try the case before a jury to verdict and judgment.
On appeal to this Court the landowners have suggested that the mortgagee is a necessary party and that the trial court committed reversible error in proceeding to trial without summoning the mortgagee. The appellee argues in response to this postulate that the landowners have no standing to object to the court’s action for the mortgagee. The highway commission cites as authority for its position, the case of Dantzler v. Mississippi State Highway Commission, 190 Miss. 137, 199 So. 367 (1941). In Dantzler, this Court held under *823 a statute [Section 1482, Mississippi Code 1930] that the objection of non-joinder was not available to a party not affected thereby. Since that time, however, the Legislature established an entirely new eminent domain court and procedure (Ch. 520, [1971] Miss.Gen.Laws 794) prior to the petition in the instant case (November 3, 1972).
This law is brought forward in Mississippi Code Annotated Section 11-27-7 (1972) attached hereto as an appendix. The new law requires that the circuit judge or county judge shall by order direct the circuit clerk to issue an order of the court fixing the time and place for the hearing, fixing a date to allow sufficient time for each defendant named to be served with process. The law then expressly states: “If a defendant, or other party in interest, shall not he served for the specific time prior to the date fixed, the hearing shall be continued to a day certain to allow the thirty-day period specified.”
The purpose of this provision in the law is to give all persons interested in the property sought to be acquired by eminent domain proceedings an opportunity to be heard at one time, so as to prevent subsequent litigation by interested persons who were not notified.
We are of the opinion that the Legislature intended to set out in detail the method of acquiring property by eminent domain; that the requirement of the law that all parties of interest be made parties and be duly notified by proper process is not directory, but is part of the procedure and must be strictly followed. Mississippi Power Company v. Leggett, 197 So.2d 475 (Miss.1967).
The Highway Commission contends, however, that the trustee was summoned as an agent of the mortgagee and the mortgagee was, therefore, duly summoned. We cannot agree with this contention. Although the trustee is the legal holder of the title to the property, the mortgagee is an interested party and must be summoned since she has a lien on the property sought to be condemned.
We must, therefore, reverse this case so that all parties interested in the land sought to be acquired may be properly notified by legal process.
Since this case must be retried, there is another issue that should be mentioned. During the original trial the landowners offered testimony to show their inability to use a certain small building in connection with their business, and they offered testimony to show that they would be required to travel on the highway four hundred (400) feet or more to reach a crossover. They said that the driveway or entrance from the new highway would not be as wide as the driveway they now use. Appellants contend that the present use of the property by them as a residence and commercial use of the property is the highest and best use of the property, and, in effect, any reduction in the present use of the property would reduce the market value of the property. Of course, the present use of the property, as well as any other usage for which the property is suited, may be shown in evidence; but it is well settled that the measure of damages for the taking of land for a public use is the difference between the fair market value of the land before the taking and the fair market value of the remaining land after the condemnation, taking into consideration the best and most valuable use for which the property is adaptable. Mississippi State Highway Commission v. McArn, 246 So.2d 512 (Miss.1971); Emerson v. Mississippi State Highway Commission, 208 So.2d 441 (Miss.1968); Swett v. Mississippi State Highway Commission, 193 So.2d 596 (Miss.1967); see many cases listed under Miss.Code Ann. § 11-27-1, n. 12 (1972).
The value of land sought to be acquired for public use is not to be determined simply by the condition in which it is presently being maintained, but the value must be based upon the highest and best *824 use for which the property is reasonably capable of being used. Mississippi State Highway Commission v. Wagley, 231 So.2d 507 (Miss.1970).
The evidence offered by the landowners to the effect that they would have to travel farther in one direction after a median strip was built in the highway is not admissible as an item of damage, since the landowners have an entrance into the highway and mere inconvenience is not an item of damages in this case. Mississippi State Highway Commission v. Daniels, 235 Miss. 185, 108 So.2d 854 (1959).
We are, therefore, of the opinion that Instructions Nos. 5 and 6 complained of by the appellants, wherein the trial judge pointed out that inconveniences to the landowners or to their business because of the method used by the appellee Highway Commission in controlling traffic on the highway, are proper. However, they must be confined to the evidence introduced.
The judgment of the trial court is reversed and this cause is remanded for retrial when all interested parties are made parties to the proceeding by proper service of process.
Reversed and remanded.
PATTERSON, INZER, SUGG and WALKER, JJ., concur.
APPENDIX
§ 11-27-7. Filing petition — lis pendens— fixing time and place of hearing — notice — pleadings as to value.
The petition shall be filed with the circuit clerk and shall be assigned a number and placed on the docket as other pleadings in circuit court or county court. The petitioner shall also file a lis pendens notice in the office of the chancery clerk immediately after filing the petition. The circuit clerk, or the petitioner by his attorney, shall forthwith present such petition to the circuit judge or county judge, as the case may be, who shall by written order directed to the circuit clerk fix the time and place for the hearing of the matter, in termtime or vacation, and the time of hearing shall be fixed on a date to allow sufficient time for each defendant named to be served with process as is otherwise provided by law, for not less than thirty (30) days prior to the hearing. If a defendant, or other party in interest, shall not be served for the specified time prior to the date fixed, the hearing shall be continued to a day certain to allow the thirty-day period specified. Not less than twenty (20) days prior to the date fixed for such hearing, the petitioner shall file with the circuit clerk and serve upon the defendants, or their respective attorneys, a statement showing: (1) the fair market value of the property to be condemned, determined as of the date of the filing of the petition; (2) the damages, if any, to the remainder if less than the whole is taken, giving a total compensation and damages to he due as determined by the petitioner. Not less than ten (10) days prior to the date fixed for such hearing, each of the defendants shall file with the circuit clerk and serve upon the petitioner, or his attorney, a statement showing: (1) the fair market value of the property to be condemned, determined as of the date of the filing of the petition; (2) the damages, if any, to the remainder if less than the whole is taken, giving a total compensation and damages to be due as determined by the defendants. In each such instance, both the petitioner and the defendant shall set out in such statement the asserted highest and best use of the property and shall itemize the elements of damage, if any, to the remainder if less than the whole is taken. The statements required by this section shall constitute the pleadings of the parties with respect to the issue of value, and shall be treated as pleadings are treated in civil causes in the circuit court. The judge, for good cause shown, may increase or decrease the time for pleading by the petitioner or by the defendant. Mississippi Code Annotated § 11-27-7 (1972).