BRADY, Justice:
This is an appeal from the Circuit Court of the First Judicial District ’of Hinds County, Mississippi, wherein the appellee was rendered a judgment on a note against the appellant in the amount of $2,275 plus interest. From this judgment an appeal is taken.
The appellee brought suit in the County Court of the First Judicial District of Hinds County in a representative capacity on a land rent note executed by the appellant on July 18, 1966, payable to the order of Deposit Guaranty National Bank, Administrator of the Estate of George Washington Stutts, Sr., deceased, in the amount of $2,275. The appellant answered and denied that the appellee was the duly qualified and acting administrator of George W. Stutts, Sr. He admitted that for a time prior to February 2, 1968, the appellee was the qualified and acting administrator, d. b. n. of the said estate by virtue of its appointment by the Chancery Court of the First Judicial District of Hinds County, Mississippi, but he averred that it was finally discharged by decree of said court made and entered on February 2, 1968.
Mr. Tracy Packer, Trust Officer of the Administrator, Deposit Guaranty National Bank, testified that George Washington Stutts, Jr., leased lands in 1965 belonging to the heirs at law of George W. Stutts, Sr., from the administrator. The appellee held said note for the thirteen heirs of George W. Stutts, Sr., of whom the appellant was one. On February 2, 1968, the Chancery Court of the First Judicial District of Hinds County entered an order approving the administrator’s last annual report, final account, allowance of administrator’s fee-and solicitor’s fee and decree closing the estate, together with an authorization of the distribution of the funds in the amount of $8,179.79.
On October 15, 1968, the appellee filed this suit and on April 11, 1969, the county court entered a judgment in favor of the appellee. The appellant appealed to the Circuit Court of the First Judicial District of Hinds County, and on June 27, 1969, the circuit court rendered a judgment affirming the county court. From this judgment an appeal is taken.
The disposition of this case is determined by an interpretation of the decree of the chancellor on February 2, 1968, wherein in the final sentence he stated the following conditions for discharge of the administrator :
Upon the filing of all vouchers showing distribution of all funds, payments of all debts and all other expenses, then the Administrator, d. b. n., shall be finally discharged, together with the surety on its bond. (Emphasis added.)
The appellant asserts that the filing of the vouchers was waived. The appellee denies that the filing was waived and that the only proof in the record regarding a waiver was the statement of Mr. Tracy Packer who, on cross-examination, stated that:
“A. I don’t believe the vouchers were filed, I don’t believe.
“Q Why? For what reason?
“A. I believe they were waived — the requirement for bringing them to the Court.”
The appellee states that this was not sufficient proof of a waiver on a collateral attack against the decree which the appellant himself offered into evidence. The decree specifically provides that upon the filing of the required vouchers showing the distribution of all funds, payments of all debts, and all other expenses, then the administrator shall be finally discharged.
It has long been the rule in this state that a chancellor may make his decrees dependent upon the performance of certain conditions, and the decree is without force until its conditions are performed. Mississippi State Highway Comm’n v. Spencer, 235 Miss. 155, 101 So. 2d 499 (1958); 30A C.J.S. Equity § 602 *796 (1965). The burden of showing performance is on the party claiming under the decree and without a showing that there was an actual waiver of the filing of the vouchers, there can be no finalization of the final decree because the conditions for finalization as set forth by the chancellor have not been met. The requirements of a decree of a chancery court are waived only with the consent and approval of the chancellor who issued the decree. It follows, therefore, that Deposit Guaranty National Bank is still the administrator, d. b. n., and since this is true it was still authorized to act in an administrative capacity for all the heirs of George W. Stutts, Sr., and institute suit on the land rent note. We find no merit in the other errors assigned.
For the foregoing reasons the judgment of the circuit court is therefore affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ„ concur.