247 So.2d 811 (1971)
John M. PATTILLO and Betty Pattillo
v.
W.P. BRIDGES, Jr., et al.
No. 46238.
Supreme Court of Mississippi.
May 3, 1971.
Bryan, Gordon, Nelson & Allen, Ernest R. Schroeder, Pascagoula, for appellants.
Lyle M. Page, Ronald G. Peresich, Biloxi, for appellees.
GILLESPIE, Presiding Justice:
The complainants, John M. and Betty Pattillo, in a suit filed in the Chancery Court of Jackson County, charged the defendants, W.P. Bridges, Jr., and others, with violations of front set-back line restrictions contained in the covenants applicable to Fort Bayou Estates. The complainants sought a mandatory injunction to compel the defendants to remove the house constructed in violation of the covenants.
After finding that the defendants had violated the restrictive covenants as to the front lot line set-back requirements by approximately 20 feet, the chancellor denied the request for a mandatory injunction, but offered to remand the case to the docket for ascertainment of damages, which offer the complainants declined. The suit was then dismissed. We affirm.
Complainants own Lot 11, and defendants own Lot 12 of Fort Bayou Estates Subdivision, Part One. When complainants moved into their home on Lot 11, Lot 12 was vacant. In December 1969 defendants commenced construction of a house on Lot 12. At this point Mr. Pattillo complained that the building was in violation of the city ordinance as to the distance a house must be set back from the side line. Surveyors were called in, and it was found that the construction on Lot 12 was not violating the side line ordinance.
Mr. Pattillo contends that at the time he complained of the side line, he told the defendants that he thought the construction on Lot 12 violated the restrictive covenants as to the front set-back distance. The defendants contend that Pattillo complained only of the side line ordinance.
The defendants went ahead with construction of the house on Lot 12. In mid-January 1970, Mr. Pattillo advised the defendants that they were not complying with the front set-back line. At that time, the foundation slab had been poured, and the house had been roughed in. The house *812 was eighty percent complete and valued at $22,462. Over the objections of Pattillo, the defendants completed construction of the house. The present appraised value of Lot 12 (the house and the lot) is around $30,000.
Complainants contend that the chancellor erred in not granting their request for a mandatory injunction and that they should not be required to accept damages in lieu of the issuance of such injunction.
In discussing a mandatory injunction in Mississippi State Highway Commission v. Spencer, 233 Miss. 155, 101 So.2d 499 (1958), this Court stated:
A mandatory injunction is an extraordinary remedial process. Courts are more reluctant to grant a mandatory injunction that a prohibitory one. 43 C.J.S. Injunctions, § 5. Although equity has jurisdiction to issue them, they should be confined to cases where it is the only remedy which will be effectual. 43 C.J.S. Injunctions § 5, states: "Even if the right is clear, it does not follow that a mandatory injunction must be granted, and such injunctions will be issued only in cases of extreme necessity, where the right invaded is material and substantial, and where adequate redress at law is not afforded. Mandatory injunctions will never be granted unless extreme or very serious damage at least, will ensue from withholding that relief; nor will they be issued in doubtful cases * * *." Thomas v. Miss. Power & Light Co., 1934, 170 Miss. 811, 152 So. 269; Miss. Power & Light Co. v. McCoglan Hotel, Miss. 1934, 152 So. 271, 28 Am.Jur., Secs. 17-22, states that a mandatory injunction is a rather harsh remedial process and is not favored by the courts. It is not regarded with judicial favor and is used only with caution and in cases of great necessity. The case must be one clearly disclosing irreparable injury to the complainant. (233 Miss. at 176, 101 So.2d at 506).
The complainants failed to show such great damage or irreparable injury as to require the issuance of a mandatory injunction.
We find no abuse of discretion on the part of the chancellor; therefore, this case is affirmed.
Affirmed.
PATTERSON, INZER, ROBERTSON and HARPER, JJ., concur.