LEE, C.J.,
for the Court:
¶ 1. This appeal arises from the trial court’s denial of Tanya O’Neal’s suit, seeking the court to order the sale and disbursement of proceeds of a mobile home she claimed to own with Steven Ketchum. The Harrison County Chancery Court found that neither O’Neal nor Ketchum had title to the mobile home. The court also found that O’Neal failed to prove that: (1) Ketchum was unjustly enriched; (2) Ketchum and his father had conspired to destroy her cotenancy; or (3) she did not receive the required notice of the foreclosure sale. Finding O’Neal’s issues procedurally barred, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In August 1997, O’Neal and Ket-chum began a romantic relationship. On May 10, 1999, O’Neal and Ketchum signed a $21,000 promissory note for Clinton Saucier’s mobile home in Saucier, Mississippi. Under the terms of the note, O’Neal and Ketchum were to pay Saucier a $3,000 down payment and $500 each month, commencing on June 15, 1999, with the remainder of the balance due on December 15, 2001. The parties agreed to a zero percent interest rate and waiver of any nonrepayment notice, should O’Neal and Ketchum default on payments.
¶ 3. At trial, O’Neal testified that she paid the $3,000 down payment, but she did not offer any bank statements, copies of checks, or other evidence to support her statement. However, Ketchum did not dispute that O’Neal paid the down payment. O’Neal testified that Ketchum paid Saucier the monthly payments out of her and Ketchum’s joint checking account. While no proof of these payments was admitted at trial, both parties testified that the payments were regularly made to Saucier. No evidence to the contrary was shown at trial, and Saucier was not a party to the action.
¶ 4. On October 29, 2001, Ketchum’s father, Ralph Ketchum, purchased the land where O’Neal and Ketchum’s mobile home was located from Saucier for $21,000. While Ralph believed that the mobile home was paid off at the time he purchased the land, O’Neal and Ketchum testified that there was still a small balance owed to Saucier at the time of the land conveyance. That same day, O’Neal and Ketchum executed a second promissory note and deed of trust in favor of Ralph for $21,717.90. The note did not include the mobile home. Under the terms of the note, O’Neal and *47 Ketehum would pay Ralph $500 a month until the note was paid in full. The note contained a clause that stated if O’Neal and Ketehum, as the debtors, defaulted on the loan, the entire debt plus interest would become due without notice. Also on October 29, 2001, Saucier executed a warranty deed conveying the land purchased by Ralph to Ketehum and O’Neal as tenants in common.
¶ 5. When O’Neal and Ketehum brought their first $500 payment to Ralph, they asked Ralph to loan them $15,000 to cover attorney’s fees needed to bond O’Neal’s father out of jail. Ralph loaned them $5,000, and agreed to defer the couple’s payments on the note for ten months so they could repay the loan Ketehum took from his 401(k) to contribute to the attorney’s fees. While the grace period was ten months, Ralph only received three additional payments from Ketehum between 2001 and 2003.
¶ 6. O’Neal and Ketehum ended their relationship in February 2004, and O’Neal moved out of the home. Although inconsistently, Ketehum continued to make payments to Ralph. In 2004, Ketehum made six payments, and he made another payment in January 2007. While Ralph allowed Ketehum to remain on the property as a custodian, in 2007, Ralph foreclosed on the land under the deed’s terms.
¶ 7. In December 2007, the trustee and Ralph’s attorney, Robert H. Koon, began preparing a nonjudicial foreclosure sale of the property. Koon publicized the foreclosure with a notice of sale in the Sun Herald newspaper, first on December 13, 2007, and then weekly for four consecutive weeks. Also on December 13, 2007, Koon posted a notice of sale on the bulletin board at the east front door of the Harrison County Courthouse in Gulfport, Mississippi. This notice remained posted from December 13 through the foreclosure sale on January 17, 2008.
¶ 8. On January 17, 2008, Koon and Ralph held the public auction for the land at the Harrison County Courthouse’s east front door. No third party appeared or bid on the property, and Koon had been authorized by Ralph to bid the amount of the unpaid balance due on the land. On April 10, 2008, Ralph deeded the property to Ketehum. The deed was filed in Harrison County’s land records on July 5, 2011, nunc pro tunc to January 2008. The quitclaim deed described the land, but made no mention of the mobile home.
¶ 9. Over three years after the foreclosure sale, O’Neal filed her complaint in this action in Harrison County Chancery Court, seeking the sale of the land and mobile home and disbursement of the proceeds between herself and Ketehum. In her amended complaint, O’Neal also asserted that Ketehum was unjustly enriched; that Ketehum and his father, Ralph, conspired to destroy her cotenancy; and that the foreclosure sale was invalid due to lack of notice. A hearing was held on August 9, 2012. The chancellor requested both parties file post-trial briefs; however, only Ketehum and his father filed a brief. The chancellor denied all of O’Neal’s claims, and found that neither O’Neal nor Ketehum obtained title to the mobile home.
¶ 10. O’Neal now appeals, arguing: (1) the chancellor’s finding that the mobile home did not belong to O’Neal and Ket-chum was against the overwhelming weight of the evidence, and (2) the chancellor erred in finding the foreclosure sale valid because no bids were received.
STANDARD OF REVIEW
¶ 11. A chancellor’s findings of fact will not be overturned “when supported by substantial evidence unless an erroneous *48 legal standard was applied or the chancellor was manifestly wrong.” Byrd v. Abney, 99 So.3d 1180, 1183 (¶ 11) (Miss.Ct.App.2012). This Court’s standard of review of a chancellor’s decision is abuse of discretion; however, questions of law are reviewed de novo. Jones v. Graphia, 95 So.3d 751, 753 (¶ 6) (Miss.Ct.App.2012).
DISCUSSION
I. WEIGHT OF THE EVIDENCE
¶ 12. O’Neal argues, and Ketchum agrees, that the chancellor’s determination that neither party had title to the mobile home was against the weight of the evidence.
¶ 13. At trial, conflicting testimony was given about the remainder on the promissory note to be paid to Saucier. O’Neal and Ketchum both testified that at the time Ralph purchased the land, there was a small balance on the note. No evidence was presented to support the amount of the remainder. Thus, for either party to have obtained title, the mobile home would have to be considered part of the real property when the deed of trust was signed.
¶ 14. For a mobile home to be considered real property, the specific requirements of Mississippi Code Annotated section 27-53-15 (Rev.2010) must be met. Under section 27-53-15, first, the mobile home’s wheels and axles must be removed, and the home must be affixed to a permanent foundation by anchoring and blocking it to comply with the rules and procedures of the Commissioner of Insurance of the State of Mississippi. Then, the mobile home must be entered on the land rolls of the county tax assessor,' and it must be taxed as real property from that date. Lastly, the county tax assessor must issue a certificate certifying that the mobile home is real property, and the tax assessor must file the certificate in the land records. For a security interest to be perfected, the mobile home’s description must be included in the deed of trust. See Deutsche Bank Nat’l Trust Co. v. Brechtel, 81 So.3d 277, 279 (¶ 8) (Miss.Ct.App.2012).
¶ 15. At trial, no evidence was presented that the mobile home’s wheels and axles had been removed or that it had been attached to a permanent foundation. Additionally, no evidence was presented that a certification of the mobile home as real property had been entered with the county tax assessor. The deed encompassed the land “together with all improvements and appurtenances now or hereafter erected on [it], and all fixtures of any and every description!,]” but the deed made no mention of the mobile home.
¶ 16. Neither party asserted that the mobile home had become a fixture on the property. The chancellor determined that because no evidence was presented that the mobile home’s wheels were removed, that the home was attached to a foundation or placed on blocks, or that the home was assessed as real property for tax purposes, the mobile home had not become a fixture. The chancellor’s findings were supported by substantial evidence. This issue is without merit.
II. FORECLOSURE SALE
¶ 17. On appeal, O’Neal challenges the validity of the foreclosure sale on the ground that no actual sale was conducted, because no bids were received. Again, O’Neal failed to raise this issue before the chancellor. In her pleadings and at trial, O’Neal challenged the sufficiency of the notice of the foreclosure sale. She cannot assert a new claim on appeal. “As [the supreme court] has stated, time and again, an issue not raised before the lower court is deemed waived and is proeedurally barred.” Gale v. Thomas, 759 So.2d 1150, *49 1159 (¶ 40) (Miss.1999). This issue is without merit.
¶ 18. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.